UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
— — —

RONALD FORSYTH,

    *Plaintiff*,

v.

BIG L EXPRESS TRUCKING, LLC; LEROY SCOTT; DARRYL JEROME PACKER; KLM, LLC d/b/a MALONE'S WRECKER SERVICE; and DE WAYNE HONEYCUTT,

    *Defendants*.

_____/

No. _____

**JURY DEMAND**

**COMPLAINT**

Comes the Plaintiff, and for cause of action, avers as follows:

1. The Plaintiff, Ronald Forsyth ("Mr. Forsyth"), is domiciled in New Jersey and is a citizen of New Jersey for purposes of diversity jurisdiction.

2. Upon information and belief, the defendant, Big L Express Trucking, LLC ("Defendant Big L Express Trucking"), is incorporated under the laws of the State of North Carolina with its principal place of business at 452 Uppergate Lane, Kernersville, NC 27284 (which is where it may be served with process through the Tennessee Secretary of State pursuant to Tennessee's "long arm statutes," Tenn. Code Ann. 20-2-201, et seq.), and it is a citizen of North Carolina for purposes of diversity jurisdiction.

3. Upon information and belief, the defendant, Leroy Scott ("Defendant Scott"), is domiciled in North Carolina at 452 Uppergate Lane, Kernersville, NC 27284 (which is where he may be served with process through the Tennessee Secretary of State pursuant to Tennessee's "long arm statutes," Tenn. Code Ann. 20-2-201, et seq.), and is a citizen of North Carolina for purposes of diversity jurisdiction.

4. Upon information and belief, the defendant, Daryll Jerome Packer ("Defendant Packer"), is domiciled in North Carolina at 804 Ronald Reagan Dr., Fayetteville, NC 27311 (which is where he may be served with process through the Tennessee Secretary of State pursuant to Tennessee's "long arm statutes," Tenn. Code Ann. 20-2-201, et seq.), and is a citizen of North Carolina for purposes of diversity jurisdiction.

5. Upon information and belief, the defendant, KLM, LLC d/b/a Malone's Wrecker Service ("Defendant KLM"), is incorporated under the laws of the State of Tennessee with its principal place of business at 145 Kingsport Highway, Greeneville, TN 37745-9041 and may be served with process through its Registered Agent, Lynn Malone, at the same address.

6. Upon information and belief, the defendant, DE Wayne Honeycutt ("Defendant Honeycutt"), is a citizen and resident of Chuckey, Greene County, Tennessee, and may be served with process at 227 Anest Road, Chuckey, TN.

7. Defendant Big L Trucking Express is an interstate commercial carrier engaged in the business of commercial transportation and it owns, operates and maintains one or more motor vehicles which operate on the roadways of the State of Tennessee.

8. At all times relevant, Defendant Packer was a truck driver operating the tractor-trailer (as defined in more detail herein below) under the DOT authority of Defendant Big L Trucking Express.

9. At all times relevant, Defendant Packer was acting as an employee, servant, agent, or apparent agent of Defendant Big L Trucking Express.

10. In the alternative, at all times relevant, Defendant Packer was acting as an employee, servant, agent or apparent agent of Defendant Scott.

11. At all times relevant, Defendant Big L Trucking Express and/or Defendant Scott was the owner of the tractor-trailer.

12. At all times relevant, the subject tractor-trailer was being operated by Defendant Packer with the authority, consent and knowledge of the tractor-trailer's owner.

13. At all times relevant, the tractor-trailer was being operated by its owner's servant for the owner's use and benefit and within the course and scope of the servant's employment.

14. Plaintiff relies on Tenn. Code Ann. § 55-10-311 – Prima facie evidence of ownership of automobile and use in owner's business, and Tenn. Code Ann. 55-10-312 – Registration prima facie evidence of ownership and that operation was for owner's benefit, and avers that the tractor-trailer's owner is vicariously liable for the acts and omissions herein attributed to Defendant Packer.

15. Defendant KLM, LLC is a tow truck company that operates one or more motor vehicles on the roadways in the State of Tennessee, including the subject tow truck (as defined in more detail herein below).

16. At all times relevant, Defendant Honeycutt was acting as an employee, servant, agent, or apparent agent of Defendant KLM, LLC.

17. At all times relevant, Defendant KLM, LLC was the owner of the tow truck.

18. At all times relevant, the tow truck was being operated by Defendant Honeycutt for the owner's use and benefit and within the course and scope of the servant's employment.

19. Plaintiff relies on Tenn. Code Ann. § 55-10-311 – Prima facie evidence of ownership of automobile and use in owner's business, and Tenn. Code Ann. 55-10-312 –

Registration prima facie evidence of ownership and that operation was for owner's benefit, and avers that the tow truck's owner is vicariously liable for the acts and omissions herein attributed to Defendant Honeycutt.

20. Based on the facts and allegations herein contained, and under the Tennessee "long arm statutes," Tenn. Code Ann. § 20-2-201, et seq., consistent with the due process clause of the Fourteenth Amendment to the United States Constitution, this Court has personal jurisdiction over Defendants.

21. There is complete diversity of citizenship between Plaintiff and Defendants and the amount in controversy is in excess of $75,000, exclusive of interest and costs.

22. This Court has subject-matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

23. The events hereinafter complained of occurred in Greene County, Tennessee.

24. This Court is the proper venue for this matter pursuant to 28 U.S.C. § 1391(b)(2).

25. On May 25, 2021, at or around 2:45 p.m. in Greene County, Tennessee, Mr. Forsyth was driving his truck northbound on Interstate 81. At the same time and place, Defendant Packer was operating the tractor trailer that was stopped on the shoulder with a tow truck operated by Defendant Honeycutt parked in front of it. Mr. Forsythe was proceeding with due care and caution, when suddenly from an unsafe position for the vehicles to have been stopped and without any adequate warning or signal, the tractor-trailer entered from the shoulder and around the tow truck, onto the interstate and in

Plaintiff's path, causing a violent collision that Plaintiff could not avoid without colliding into other vehicles that were in the next lane over.

26. Put simply, it was unsafe for Defendants to have been parked on the side of the interstate in the manner in which they were and in that location, and especially without adequate signals or warnings, and when they endeavored to re-enter the interstate in the manner in which they attempted same, this created an unavoidably unsafe condition to the public and Mr. Forsyth.

27. Upon information and belief, the tractor-trailer, a 2007 Freightliner with VIN# 1FUJBBCG47LV26703 (herein referred to as the "tractor-trailer"), was being operated by Defendant Packer during these events.

28. Upon information and belief, the tow truck, with VIN# 1FUPCSZB1YLB90225 (herein referred to as, the "tow truck"), was being operated by Defendant Honeycutt during these events.

29. This violent collision caused Mr. Forsyth's truck to become enflamed while Mr. Forsyth was inside.

30. Mr. Forsyth was eventually transported from the scene by air EMS to the emergency room at Johnson City Medical Center in Johnson City, Tennessee, where he received necessary medical care and services at this and other healthcare facilities for his related injuries, including but not limited to, his C7 and T1 fractures, right vertebral artery dissection, and severe burns, which required surgery, medication, therapy and follow-up care.

31. At all times material, Defendant Packer was a professional driver who had or should have had a commercial driver's license.

32. At all times material, Defendant Honeycutt was a professional driver who had or should have had a commercial driver's license.

33. At all times material, Defendant Packer was operating the tractor-trailer on the highway in connection with business related to interstate commerce and was subject to Federal Motor Carrier Safety Regulations (FMCSR) and Tennessee state and local laws and regulations.

34. At all times material, Defendant Honeycutt was operating the tow truck on the highway in connection with business related to interstate commerce and was subject to Federal Motor Carrier Safety Regulations (FMCSR) and Tennessee state and local laws and regulations.

35. Upon information and belief, the tractor-trailer had a gross weight of greater than twenty-six thousand pounds.

36. Upon information and belief, the tow truck had a gross weight of greater than twenty-six thousand pounds.

37. Upon information and belief, the tractor-trailer met the criteria of a commercial motor vehicle pursuant to 49 CFR § 390.5.

38. Upon information and belief, the tow truck met the criteria of a commercial motor vehicle pursuant to 49 CFR § 390.5.

39. Defendant Packer deviated from the applicable standard of care, including, at least, in the following ways:

    a. Improperly changing lanes;
    b. Improperly entering highway;
    c. Improperly stopping on highway shoulder;
    d. Recklessly and/or carelessly driving;
    e. Failing to keep a proper lookout for traffic;
    f. Failing to use due care;

g. Failing to use proper warnings to oncoming traffic;
h. Failing to drive defensively;
i. Failing to attempt to reach the speed of traffic prior to beginning to enter the highway;
j. Failing to adequately signal his intention to enter the highway;
k. Failing to enter the highway in a manner and at a time when it was safe to do so;
l. Unsafely parking or stopping on highway shoulder;
m. Failing to follow Tennessee Motor Vehicle laws and FMCSR as noted herein;
n. Failing to adhere to corporate safety and trucking industry standards; and
o. Otherwise failing to act reasonably and prudently as a professional commercial tractor-trailer driver under the circumstances.

40. Defendant Packer's deviations also constitute negligence *per se* for:

   a. Violating Tennessee Motor Vehicle laws, including:

      i. Tenn. Code Ann. § 55-8-123 (improper lane change), Tenn. Code Ann. 55-8-131 (improper entering highway), Tenn. Code Ann. 55-8-158 (improper stopping position on highway), and § 55-8-136 (reckless/careless driving and due care); and

   b. Violating FMCSR, including, without limitation:

      i. 45 CFR § 392.2 (operation in accordance with laws of jurisdiction of operation), and 45 CFR 392.22 (required warning signal and devices when stopped on shoulder of highway).

41. Defendant Honeycutt deviated from the applicable standard of care, including, at least, in the following ways:

   a. Improperly stopping on highway shoulder;
   b. Failing to keep a proper lookout for traffic;
   c. Failing to use due care;
   d. Failing to use proper warnings to oncoming traffic;
   e. Unsafely parking or stopping on highway shoulder;
   f. Failing to adhere to corporate safety and tow truck industry standards; and
   g. Otherwise failing to act reasonably and prudently as a professional tow truck driver under the circumstances.

42. As a direct and proximate result of the negligence averred herein, Mr. Forsyth incurred injuries and damages, including but not limited to, bodily injuries, burns, scarring, disfigurement, disability, medical expenses (past and future), pain and suffering (past and future), lost income and loss of earning capacity, mental anguish, loss of enjoyment of life, property damage, and various other miscellaneous and out of pocket expenses in an amount to be proven at trial and further developed in discovery.

43. Defendant Big L Trucking Express is responsible for the acts and omissions of Defendant Packer complained of herein based on *respondeat superior*, Tenn. Code Ann. §§55-10-311, -312, and/or general agency principles.

44. Defendant Scott is responsible for the acts and omissions of Defendant Packer complained of herein based on *respondeat superior*, Tenn. Code Ann. §§55-10-311, -312, and/or agency principles.

45. Defendant KLM, LLC is responsible for the acts and omissions of Defendant Honeycutt complained of herein based on *respondeat superior*, Tenn. Code Ann. §§55-10-311, -312, and/or agency principles.

46. Plaintiff's injuries were a direct and proximate result of the negligence averred herein for which defendants are responsible.

47. Plaintiff avers that Tenn. Code Ann. §29-39-102, which places limits on non-economic damages, is in violation of Article I, Section 6 of the Tennessee Constitution, which provides that the right of trial by jury shall remain inviolate. Furthermore, the statutory cap on non-economic damages violates Article I, Section 17 of the Tennessee Constitution which states that all courts shall be open, and every man shall have a remedy for injury done by due course of law. The non-economic statutory cap usurps

the powers of the Judicial Branch in violation of Article II, Sections 1 and 2 of the Tennessee Constitution. Additionally, the statutory cap violates Article XI, Section 16, of the Tennessee Constitution which indicates the rights therein "shall never be violated on any pretense whatever … and shall forever remain inviolate." Pursuant to Tenn. Code Ann. §20-12-119(c)(5)(E), this claim is being asserted for the express purpose of reversing existing precedent, namely, *McClay v. Airport Management Services, LLC*, 596 S.W.3d 686 (Tenn. 2020), insofar as said decision upheld the constitutionality of Tennessee's statutory cap on non-economic damages in civil cases.

48. Plaintiff requests a declaration that Tenn. Code Ann. § 29-39-102 is void *ab initio* and of no force and effect.

49. Pursuant to Tenn. Code Ann. §29-14-107 and Fed. R. Civ. P. 5.1, a copy of this pleading which provides notice of Plaintiff's constitutional challenge to Tenn. Code Ann. §29-39-102, is being served on the Attorney General of the State of Tennessee.

WHEREFORE, the Plaintiff, Ronald Forsyth, demands judgment against Defendants, as follows:

    a. That proper process issue and that Defendants be required to answer this Complaint within the time provided by law;
    b. That Plaintiff be awarded a judgment against Defendants for all compensatory damages allowed by law in an amount of One Million Two Hundred Fifty Thousand Dollars ($1,250,000);
    c. That Plaintiff be granted a trial by a jury;
    d. That Plaintiff be granted interest and costs as allowed by law; and
    e. For such other and general relief to which Plaintiff is entitled under the circumstances.

Respectfully submitted,

**BUTLER, VINES AND BABB, P.L.L.C.**

By: /s/ John W. Butler, Esq.
JOHN W. BUTLER, BPR # 014771
GRANT E. MITCHELL, BPR # 036878
jbutler@bvblaw.com
gmitchell@bvblaw.com
2701 Kingston Pike
Knoxville, TN 37919
(865) 637-3531 - Phone
(865) 637-3385 - Facsimile
*Attorneys for Plaintiffs*