UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| RONALD FORSYTH, | ) |
| Plaintiff, | ) |
| | ) Case No. 2:22-cv-37 |
| v. | ) |
| | ) Judge Atchley |
| BIG L EXPRESS TRUCKING, LLC et al., | ) Magistrate Judge Wyrick |
| Defendants. | ) |

## ORDER AND REPORT AND RECOMMENDATION

The District Court entered a Show Cause Order [Doc. 42] in this matter requiring Defendants KLM, LLC, d/b/a Malone Wrecker Service and De Wayne Honeycutt (hereinafter "Defendants") to show good cause why their third-party claims against AJs EZ Transport, LLC ("AJs") should not be dismissed for failure to prosecute. The District Court noted that AJs had filed no responsive pleading; yet, Defendants had not moved to obtain a default judgment against the company. The District Court also raised in its Order the issue of whether Defendants had properly served AJs but made no finding as to this issue. Defendants then filed a Response [Doc. 51] wherein they outlined the efforts they have made to effect service on AJs. In reliance on these efforts, Defendants ask the Court to enter an order finding that AJs has "refused and/or failed to accept delivery of service of process from the Tennessee Secretary of State" and that the company "has been legally served with process." [Doc. 51, p. 4]. The District Court referred the issues addressed in the Show Cause Order to this Court for disposition [Doc. 55], and the matter is now ripe for resolution.

Defendants note that their counsel attempted service on AJs multiple times by certified mail addressed to AJs in care of its Registered Agent, Kristine Williams, but the United States Postal

Service returned multiple service mail packets as "undeliverable" and one with a notation of "insufficient address." Defendants advise that they then used a private process service to try to serve AJs at the company's publicly listed business address. They state that the process server served Kristine Williams, the registered agent for AJs, at that address but did so through Janiah Marshall, who they claim to be the "presumed daughter" of the registered agent.

Defendants were concerned that service upon Ms. Marshall on behalf of Ms. Williams might be considered deficient, so they had a new alias summons issued for AJs on June 1, 2023. That alias summons and a service packet were then delivered to the Tennessee Secretary of State. Then, on July 31, 2023, the returned alias summons was received by the Court from the Tennessee Secretary of State and filed into the record. [Doc. 49]. An affidavit executed by Michelle Holloway, a representative of the Tennessee Secretary of State, was included in the filing and in it she confirmed that the certified mail package was sent to AJs but noted that the package was returned with the notation "UNCLAIMED."

In requesting that the Court find AJs to have been legally served, Defendants first cite to Federal Rule of Civil Procedure 4(h), which provides that a business located within a judicial district of the United States must be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and-if the agent is one authorized by statute and the statute so requires-by also mailing a copy of each to the defendant." Defendants further note that Federal Rule of Civil Procedure 4(e)(1) requires the Court to look to state law requirements for service of process in this circumstance to determine whether AJs has been properly served. Defendants go on to cite to Tenn. Code Ann. § 20-2-215 in support of the proposition that when the Tennessee Secretary of State attempts to accomplish service via certified mail, a notation that the certified mail has been refused constitutes valid service. However, Defendant has not addressed Advisory Commission Comment [2016] to Tennessee

Rule of Civil Procedure 4.04(11) which makes it clear that the notation "unclaimed" is different from "refused." The Comment specifically provides that under the 2016 amendment to Rule 4.04(11), the provision was deleted which previously permitted a finding that service had been accomplished when a certified mail service packet was returned as "unclaimed." Tenn. R. Civ. P. 4.04(11) advisory comm'n comment to 2016 amendment. Even more specifically, the Comment provides that "the Postal Service's notation that a registered or certified letter is 'unclaimed' is not sufficient, by itself, to prove that service was 'refused.'" *Id.*

The Court notes that "without proper service of process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named defendant." *King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012) (citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 350 (1999)). In considering applicable law and the facts presented, Defendants have not yet shown facts sufficient to demonstrate that AJs has been provided with legally required notice of their claims against it or that AJs has refused service. While Defendants state that they personally served AJs' agent for service of process, they say they did so through a person believed to be the agent's daughter. Defendants provide no information as to why they have reached the conclusion that the person served was in fact the agent's daughter. All other service packets sent to AJs by Defendants, both directly through their counsel and through the Tennessee Secretary of State, have been returned with a notation that they were "unclaimed" or had an insufficient address. Under similar facts, a District Court in this Circuit has found that a company was not served where a service packet sent via certified mail by the Tennessee Secretary of State was returned with a notation that it was "unclaimed." *Lewis v. Gallatin Chicken, LLC,* No. 3:21-cv-00559, 2021 WL 6051090 *2 (M.D. Tenn. Dec. 21, 2021).

While the Court understands Defendants' frustration with attempting to serve AJs in this action, the facts presented simply do not permit the Court to find that service has been effectuated. As such, the Court has no choice but to **DENY** Defendants' request [Doc. 51] to deem AJs legally

served with process in this matter. Because the Court finds that AJs has not been legally served with process, the undersigned **RECOMMENDS**[1] that Defendants claims against AJs be **dismissed without prejudice**.

    SO ORDERED:

/s/Cynthia Richardson Wyrick
United States Magistrate Judge

---

[1] Objections to this Report and Recommendation must be filed within 14 days after service of this recommended disposition on the objecting party. 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Fed. R. Civ. P. 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).