UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| RONALD FORSYTH, | ) |
| Plaintiff, | ) |
| vs. | ) 2:22-CV-37 |
| BIG L EXPRESS TRUCKING, LLC, et al., | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff has filed a Motion in Limine to Exclude Opinion Testimony from Defense Rule 26 Witness K. Scott Reiling, P.E., ACTAR [Doc. 75], in which they ask the Court to exclude specific opinion testimony offered by Defendants' expert witness, K. Scott Reiling, P.E., ACTAR. Defendants have filed a response in opposition [Doc. 77], to which Plaintiffs filed a reply. [Doc. 78]. On December 16, 2024, the Court held a hearing by video to allow counsel to present oral argument on the motion. Based upon the parties' filings and their arguments made at the hearing, the Court finds that Plaintiff's Motion [Doc. 75] is well-taken and should be **GRANTED**.

    I.    **BACKGROUND**

The dispute in this matter arose from a collision that occurred in Greene County, Tennessee on May 25, 2021, at or around 2:45 p.m., involving two tractor trailers and a service vehicle. [Doc. 1]. On the day of the incident, Darryl Jerome Packer ("Packer"), an employee with Big L Express, LLC ("Big L"), had parked the tractor trailer he was operating on the shoulder of Interstate 81 because he had a mechanical issue with one of the tires. *Id*. at 4. Wayne Honeycutt

("Honeycutt"), an employee of Malone's Wrecker Service, responded to Packer's request for assistance. [Doc. 12, p. 14]. After Packer made temporary repairs with the assistance of Honeycutt, he began merging into the right lane of Interstate 81 North.

At the same time that Packer was attempting to reenter the right lane of travel, Ronald Forsyth ("Forsyth") was driving his truck northbound on Interstate 81. Forsyth's vehicle violently struck Packer's vehicle in the rear, pushing it into Honeycutt's wrecker. Forsyth's vehicle then became engulfed in flames. Forsyth was airlifted from the scene to Johnson City Medical Center where he received treatment for his injuries. [Doc. 1, p. 5].

On April 11, 2022, Forsyth filed a Complaint against Big L, Leroy Scott ("Scott"); Packer, KLM, LLC d/b/a Malone's Wrecker Service ("Malone's"), and Honeycutt, alleging deviations from the standard of care and negligence per se for Packer, a deviation from the standard of care for Honeycutt, and implicating both of their employers through respondeat superior. [Doc. 1]. Big L, Scott, and Packer are the only remaining defendants. [Doc. 83].[1]

Substantial discovery has been taken in this matter, and it is now nearly complete. [Doc. 84]. In Defendants' Rule 26(a)(2) disclosures, they identified several potential witnesses, including the troopers with the Tennessee Highway Patrol who responded to the scene of the collision, and expert witness K. Scott Reiling, P.E., ACTAR ("Reiling"). [Doc. 75-1, p. 2]. In Defendants' expert disclosures, Reiling was noted to be an engineer, traffic accident investigator, and traffic accident reconstructionist. *Id*. His professional report was attached to the disclosures and provides significant detail about his observations and opinions regarding the collision at issue, as well as the basis for those opinions. [Doc. 75-2]. Reiling specifically opined that Plaintiff "could easily have slowed down to avoid collision" and that "Mr. Forsyth made little to

---

[1] Because Defendants Malone's and Honeycutt have been dismissed per stipulation of voluntary dismissal, they are no longer parties to this matter.

no attempt to slow his vehicle." *Id*. at 6. Reiling ultimately concludes that "the crash was caused by the failure of Mr. Forsyth to react to the presence of vehicle 1 [driven by Packer] and vehicle 3 [driven by Honeycutt] by braking and slowing vehicle 2." *Id*. at 7. Then, as his very last conclusion, Reiling opines that "alcohol **may** have been a contributing factor in the accident." *Id*. (emphasis added). Reiling says that he has based this conclusion on a statement made by Forsyth to medical personnel, which a state trooper captured on his body camera video.

Plaintiff seeks *only* to preclude Reiling from opining that alcohol may have been a contributing factor in causing the accident at issue. In support, Plaintiff asserts that Reiling's opinion regarding alcohol is speculative, and that any probative value in permitting him to offer the opinion is outweighed by the danger of unfair prejudice to Plaintiff.[2] [Doc. 75]. In their response in opposition, Defendants incorrectly assert that Plaintiff is moving to exclude Forsyth's statement altogether. [Doc. 77]. They also argue that a ruling on Plaintiff's motion is premature and would be better addressed during the trial of this cause. *Id*. Defendants appear to suggest that Reiling's conclusion that alcohol might have been a factor in causing the collision is properly supported because alcohol is known to slow reaction time and Reiling had opined earlier in his report that Plaintiff had failed to timely react. Further, Defendants assert that Reiling's testimony should be admissible under Fed. R. Evid. 702 and 703, because the body cam video "will be admissible" and constitutes sufficient facts or data which Reiling "should be able to reasonably rely upon." *Id*. at 2. Defendants' Response does not address Plaintiff's argument that Reiling's statement should be excluded on the basis that it is speculative. In their

---

[2] Plaintiff's Motion also challenges the reliability of the evidence on which Reiling based his conclusion. While Plaintiff acknowledges that there is body-cam footage and a Computer-Aided Dispatch report which show that he admitted having alcohol in his system, he says that these statements are unreliable because he had suffered a head injury in the collision at issue and been pulled from his burning vehicle immediately prior to making this statement. [Doc. 75, p. 2]. In ruling on the instant motion, the Court is making no finding as to the reliability of Plaintiff's statement.

3

Reply, Plaintiffs clarify that they seek to exclude Mr. Reiling's specific opinion that "[a]lcohol may have been a contributing factor in the accident" on that basis that it is an expert causation opinion that fails to reach the necessary level of certainty to be relevant or admissible. [Doc. 78].

On December 16, 2024, the Court heard oral argument on Plaintiff's motion to provide counsel for the parties with an opportunity to clarify and supplement their arguments. During oral argument, Plaintiff reiterated his primary argument that the specific statement he is seeking to exclude is speculative. Defendants' arguments heavily relied on those set forth in their brief, specifically that Reiling should be able to use Plaintiff's statements against him in reaching his conclusions about what caused the collision.

## II. APPLICABLE LEGAL STANDARD

The admission of expert testimony is governed by Federal Rule of Evidence 702, which provides general standards to assess reliability as follows:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

Evidence offered pursuant to Rule 702 must be relevant and reliable, considering "whether the reasoning or methodology underlying the testimony is scientifically valid." *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 593-94 (1993). This standard applies to all expert testimony, whether that testimony necessitates scientific, technical, or other specialized knowledge. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999).

The party offering the evidence bears the burden of showing that it satisfies the reliability

requirement in Rule 702. *In re: Onglyza (Saxagliptin) and Kombiglyze (Saxagliptin and Metformin) Prod. Liab. Litig. v. Bristol-Myers Squibb Co,* 93 F.4th 339, 345 (6th Cir. 2024). The court's determination of reliability turns not on the correctness of the expert's opinion, but on "whether it rests upon a reliable foundation, as opposed to, say, unsupported speculation." *In re Scrap Metal Antitrust Litig.*, 527 F.3d 517, 529-30 (6th Cir. 2008); *see also* Fed. R. Evid. 702 Advisory Committee's note to 2000 amendments ("[t]he trial judge in all cases of proffered expert testimony must find that it is properly grounded, well-reasoned, and not speculative before it can be admitted.").

To satisfy the requirements of Rule 702, an expert opinion must not be speculative, because a speculative opinion fails to establish sufficient proximate cause. *Wilson v. GMAC*, 2008 WL 2593792 (referencing *Lindsey v. Miami Dev. Corp.*, 689 S.W.2d 856 (Tenn.1985)).[3] In *Lindsey v. Miami Dev. Corp.*, the Tennessee Supreme Court addressed whether an expert's testimony addressing proximate cause was too speculative to be reliable. 689 S.W.2d 856, 862 (Tenn.1985). There, the plaintiff had died, and the question was whether earlier intervention would have made a difference. While the emergency room physician who treated the plaintiff noted that he had been successful in treating people with injuries that resembled those of the plaintiff in the past, without having the autopsy results which showed definitively what part of the plaintiff's brain had been injured he could not definitively say whether he could have saved her had she been brought in sooner. *Id*. at 861. The court determined that speculative testimony is not evidence which establishes proximate cause, noting that testimony which states that an "opinion as to what is possible is no more valid than the jury's own speculation as to what is or is

---

[3] Federal courts are bound by state law when addressing the sufficiency of the evidence if their jurisdiction is grounded in diversity. *Gold v. National Sav. Bank*, 641 F.2d 430, 434 (6th Cir.), *cert. denied*, 454 U.S. 826, 102 S.Ct. 116, 70 L.Ed.2d 100 (1981); *see also Burboka v. Adcock*, 979 F.2d 424 (6th Cir. 1992) (reviewing Tennessee authority to examine whether a speculative expert opinion is sufficient to determine proximate cause).

not possible." *Id*. at 862; *see also Kirschner v. Broadhead*, 671 F.2d 1034, 1039 (7th Cir.1982) (holding that "[t]he mere possibility of a causal relationship, without more, is insufficient to qualify as an admissible expert opinion."). To that end, expert testimony which a trial court determines is speculative does not "substantially assist the trier of fact." *Hunter v. Ura*, 163 S.W.3d 686, 704 (Tenn. 2005) (internal citations removed). Furthermore, expert testimony is not necessary when the finder of fact can rely on his or her common knowledge. *See Scott v. Memorial Health Care System*, 660 F. App'x 366, 373-74 (6th Cir. 2016).

### III. ANALYSIS

As noted above, Plaintiff has asserted a very narrow *Daubert* challenge, seeking only to prohibit Defendants' expert from opining that alcohol may have been a factor in causing the collision at issue. Plaintiff acknowledges that Reiling is qualified to render all other opinions contained within his report.

Defendants argue that Reiling's opinion that alcohol was a possible factor in causing the collision has a proper foundation and is reliable because Reiling was entitled to rely on Plaintiff's statement to medical personnel about having alcohol in his system, which was recorded by a trooper at the scene. However, Reiling's report does not indicate that he did in fact rely on alcohol as a factor in forming his conclusions regarding the cause of the collision at issue. Although Defendants' counsel understandably seeks to connect Reiling's conclusions regarding "the failure of Mr. Forsyth to react" to Forsyth's comment that "he had alcohol in his system," the report itself does not connect those dots. [Doc. 77, p. 2]. Moreover, in opining that alcohol may have been a factor, Reiling does not explain how he used his expertise to form that conclusion, i.e., the Court cannot determine what, if any, principle or method he used in reaching this conclusion. *See In re Scrap Metal Antitrust Litig.*, 527 F.3d at 529-30 (noting that a reliable

foundation must be based on specific facts or data and be the product of employing reliable principles and methods).

However, even if the Court found that Reiling was entitled to rely on Plaintiff's statement about having alcohol in his system, and that he had used his expertise to reach this conclusion, applicable law would still prohibit Reiling from offering his opinion at the trial of this cause. In stating that "[a]lcohol may have been a contributing factor," Reiling has provided the type of speculative opinion that applicable law prohibits because it fails to provide anything more than a commonsense conclusion about what is or is not possible. *Lindsey v. Miami Development Corp.*, 689 S.W.2d 856, 862 (Tenn.1985) (excluding speculative expert testimony because testimony that "a certain thing is *possible* is no evidence at all").

Finally, in determining that Reiling's opinion regarding alcohol as a possible cause of the collision should be excluded, the Court notes that the statement appears to be a gratuitous add-on at the end of his report which is out-of-step with the other well-formulated conclusions he renders therein. In rendering his other opinions, Reiling walks through the steps he took to formulate each opinion, provides supporting data for those opinions, and offers them with a degree of certainty that is lacking with his opinion addressing alcohol.

IV. **CONCLUSION**

Based upon the foregoing, the Court finds that Defendants may not offer at trial the opinion of expert witness K. Scott Reiling, P.E., ACTAR that "[a]lcohol may have been a contributing factor in the accident" in question. As such, Plaintiff's Motion [Doc. 75] is **GRANTED**.

SO ORDERED:

/s/Cynthia Richardson Wyrick
United States Magistrate Judge